Thank you, Jan. Good morning. My name is Sylvester Traylor. I'm the plaintiff in this case. I'm I'm not an attorney, so first of all, do you have any questions taking into consideration that the other party isn't present? No, you can present your argument, and you'll be the sole one arguing this morning. Thank you, ma'am. So, your honors, the town of Waterford took my home without allowing me to make tax payments. This went on for a period of 10 years. I repeatedly tried to pay my taxes, and I have proof that they even returned my check. And they stated that they don't have a forbearance agreement with me, despite the fact that this was a repeated offense that they were trying to hinder me from paying my taxes. And that's part of my exhibits. I eventually requested the town's clerk to give me proof that, you know, I at least paid the tax, and if they return it, that's their prerogative. And they did, and then they returned it with a letter, as I stated. This dispute, it started with a PHH mortgage, which tried to take my home after my wife passed away of suicide. On the day of her death, PHH mortgage assumed that they could take my home and said that they met my wife online. When I went to court, the state court, the judges agreed, saying that it's impossible for them to inquire my home without my signature because I was also on the mortgage. Again, that party isn't present, but they are listed in my brief. It was listed in my underlining case, but they are not present today. So what happened was the town of Waterford and the PHH mortgage acted in cahoots with each other to deprive me of that right to pay my taxes. Thereafter, I started to get hate mail saying that lynch trailer, hang trailer, Emmett Till trailer, and I reported it to the town's police, and as of this day, I haven't got any recourse to the violation of hate mail. I'm the only African American within two miles radius of my home. When I went to court, the district court, and this is all spelled out within my complaint. The district court never addressed this issue concerning the hate mail, and all he said was this is disturbing, if true, within his own final decision. The sad thing about it is I would consider not only during this time that the Tyler versus Hennepin County decision had came down from the United States Supreme Court, and this is prior to the district court even dismissing my action. So when I addressed the supremacy clause under the article six of the constitution, again, no one listened. Also during this time, the underlining case, which the foreclosure against the town was still pending in the state court while the United States Supreme Court had issued its decision, saying that you can't take a person's home without proper compensation. But the saddest thing about all of this is I have two separate properties, two separate lots on my property, and they took both of them without fully foreclosing on this second property. When I tried to sell the other property to pay the back taxes, they refused to allow me, saying that no, we're not going to allow you to subdivide, but come to find out, it was already subdivided. Mr. Traylor, the red light is on. Oh, I'm sorry. We have your papers and we're reading them and have absorbed the arguments. I think we understand your argument about Tyler and the observation about the hate mail. Let me say about that, that the district court did not decide that claim, decided not to exercise jurisdiction, but that means that that claim could still be brought in state court. Let me just say my understanding of the papers so far, and the three of us will confer on that. But thank you for your arguments. Thank you very much. And we'll take the matter under submission. Thank you. Have a good day.